UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-cv-00400-BR

| | |
|---|---|
| SUELLEN E. BEAULIEU, et al, <br><br> Plaintiffs <br><br> v. <br><br> EQ INDUSTRIAL SERVICES, INC., et al, <br><br> Defendants. | PLAINTIFFS' SUPPLEMENTAL RULE 26(f) REPORT <br><br><br> This Document Relates To: <br> ALL CASES |

## PLAINTIFFS' SUPPLEMENTAL RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26.1(e)(2), a meeting was held on August 8, 2007 at the office of Womble, Carlyle, Sandridge & Rice, PLLC, in Raleigh, North Carolina. The meeting was attended by:

Shiloh Daum of Zaytoun & Miller, Donald J. Dunn, and Henry T. Dart of Henry Dart, Attorneys at Law, P.C. for plaintiffs in the *Carley* matter;

Jesse Shapiro of The Law Office of Jesse Shapiro, for plaintiffs in the *Shapiro* matter;

J. Michael Malone of Brady, Nordgren, Martin and Malone, for plaintiffs in the *Borden* matter;

Frederick W. Rom, Robert Pierce and Jacqueline Terry of Womble Carlyle Sandridge & Rice PLLC, for defendants EQ Industrial Services, Inc. ("EQIS") and EQ Holding Company ("EQH");

Richard T. Boyette and Michael J. Holland, for defendant ST Mobile Aerospace Engineering, Inc., ("MAE");

Steven B. Epstein, Hunton & Williams, LLP, for defendants Allworth, Inc. ("Allworth") and Philip Services Corporation, ("PSC").

1

Because of significant differences between Plaintiffs and Defendants as to how this case should proceed, a joint report could not be agreed upon. Therefore, Plaintiffs submit this supplemental separate report pursuant to Local Rule 26.1(e)(2).

## 1. DESCRIPTION AND STATUS OF THE CASES:

**(a) Nature of this action:**

This is a class action lawsuit filed by Plaintiffs on their own behalf, and on behalf of approximately 17,000 persons, property owners, businesses and entities similarly situated, for compensatory and punitive damages, and declaratory judgment, arising from a chemical fire on October 5, 2006 at a hazardous waste facility operated by Defendants EQIS and EQ Holdings in Apex, North Carolina, which Plaintiffs allege was caused by Defendants' willful and/or wanton negligence.

The fire produced a huge cloud of smoke and fumes that contained pyrogenic byproducts created by the decomposition and burning of chemicals and other combustible materials, including chlorine, and other highly dangerous, toxic chemicals. This toxic cloud spread over the town of Apex, exposing the residents, businesses and their property to hazardous materials, requiring the evacuation of approximately 17,000 people.

**(b) Status of pleadings:**

Five separate cases were filed as a result of the fire. All but one of those cases, the *Bullock* case, seek class action status. This Court has issued an initial CMO, which consolidated all five cases for all pretrial purposes, and which appointed a Plaintiffs Management Committee (PMC) to represent the various plaintiffs' interests. The Court also ordered the PMC to file a master amended complaint, which was done on July 2, 2007. Three new defendants were named

in the master amended complaint, all of whom were served on July 6, 2007. Each of the new defendants have retained counsel who have appeared in this case. As of the date of this report, the time for each to file answer or otherwise plead has not expired.

This supplemental rule 26(f) report is filed to include the addition of the three new defendants and their respective input for this report. This report is due on August 10, 2007.

2. **PENDING RELATED ACTIONS:**

Other than the five actions consolidated herein, Plaintiffs are unaware of any pending related actions in the Federal courts. There is a related action pending in the Superior Court of North Carolina, Wake County. *EQ Industrial Services d/b/a EQ North Carolina v. North Carolina Department of Environment and Natural Resouces, NC DENR Division of Waste Management, et al*, (No. 07 Cvs 1622) is a an action filed by EQIS to block the disclosure of public records properly requested pursuant to the N.C. Public Records Act, N.C.G.S. § 132-1, *et seq*. EQIS is represented by its regulatory counsel, James Kelly and Emily Moseley of Kilpatrick Stockton, LLP, in the State public records case.

In February 2007, Plaintiff Timothy Carley intervened in this action after EQ filed an action for declaratory relief to enjoin DENR from releasing documents to Carley and other interested parties who also requested Public Records from DENR. The requested materials document matters under investigation by State regulatory agencies. EQIS has continued since February to block disclosure of seminal records of a State investigation by asserting that the requested public records include trade secrets. Plaintiffs have agreed to the terms of a confidentiality order that would protect the legitimate trade secrets and confidential business information of EQIS. EQIS has not agreed to a confidentiality order. Additionally, the newly named defendants also have requested an opportunity to weigh in on any confidentiality order. To date, Defendants have not

authorized a confidentiality order.  Plaintiffs will request entry of a confidentiality order as soon as Defendants will respond so an agreement can be reached.

3.  **COMPLEX LITIGATION:**

This case is complex because it has: (1) an unusually large number of parties; (2) an unusually large number of claims or defenses; (3) a greater than normal volume of evidence; (4) an extended discovery period is needed; (5) a multiple use of experts; and (6) pending parallel investigations or action by governmental agencies, (U.S. Chemical Safety Board, and N.C.D.E.N.R.).  This case should be governed by the Manual for Complex Litigation, 4th Ed., Federal Judicial Center, 2004 (MCL 4th).

4.  **JURISDICTION:**

Defendant MAE has advised all counsel of its intention to dispute the personal jurisdiction of the court over MAE by way of a motion to dismiss and/or other pleadings.  Other than the position of MAE, there is no dispute over this Court's jurisdiction in these cases.

5.  **PARTIES:**
(a) **Necessary parties:**

In their Master Supplemental and Amended Complaint, Plaintiffs named three new defendants: ST Mobile Aerospace Engineering, Inc., Allworth, Inc. and Philip Services Corporation.  Those parties have been served and their counsel have appeared.  No answers or other pleadings have been filed and are not due as of the date of filing this report.  Plaintiffs are presently unaware of any other necessary parties who should be joined as defendants.  Plaintiffs may join additional plaintiffs to serve as class representatives in this case.

**(b) Improperly joined parties:**

Based on present information and belief, Plaintiffs suggest that The Environmental Company should not have been made a defendant in some of these consolidated cases. Plaintiffs know of no other parties who are improperly joined in these cases.

**(c) Inaccurately named parties:**

Plaintiffs know of no parties whose names are either inaccurately stated or necessary portions of their names are omitted.

**6. <u>AMENDMENT OF THE PLEADINGS</u>:**

Plaintiffs expect to file another Amended Master Complaint as requested by Defendants Allworth and PSC. Plaintiffs will file their Amended Master Complaint by August 20, 2007. Defendants have confirmed that no enlargement of time will be needed to respond, and they will file their responsive pleadings within twenty days of filing of Plaintiffs' Amended Master Complaint.

**7. <u>FILING TIME FOR MOTIONS</u>:**

All motions should be filed as soon as possible, within the time limits set by the Local Rules, unless specifically addressed below.

**(a) Motions to Compel Discovery:**

Motions to compel should be filed sufficiently in advance to allow for a hearing before the close of discovery.

**(b) Summary Judgment Motions:**

Summary judgment motions should be filed within twenty (20) days after the close of discovery, unless otherwise permitted by court order.

**(c) Motions Objecting to Expert Testimony:**

*Daubert* motions with regard to expert testimony should be filed no later than the date that the proposed pretrial order is submitted, or sixty (60) days prior to the hearing at which the expert is scheduled to testify, whichever is applicable.

**(e) Motion for Class Certification:**

Plaintiffs intend to file their motion for class certification within ninety days after the commencement of discovery.

**8. INITIAL DISCLOSURES:**

The parties have agreed that initial disclosures pursuant to Fed.R.Civ.P. 26(a) shall be served ten (10) days after the Court enters the discovery scheduling order. Any new defendants, added in the master complaint or any subsequent amendments thereto, should serve their initial disclosures with their answers.

**9. SCHEDULING CONFERENCE:**

Because of the parties' inability to reach an agreement on the issues raised in this report, Plaintiffs requested a scheduling conference for the purpose of establishing an initial case management order to consider the items discussed in MCL 4th § 22.61, as well as a discovery scheduling order. A scheduling conference is set in this case for August 23, 2007.

**10. DISCOVERY PERIOD:**

Written discovery, (interrogatories, requests for production, requests for admission), between all parties should commence immediately. Depositions and all other discovery between

the parties should commence immediately following the Court's ruling on MAE's jurisdictional issues.

Plaintiffs believe that discovery is needed on the following subjects: class certification issues, all liability issues, including the prior similar occurrences and liability for punitive damages; causation of damages; quantum of compensatory and punitive damages.

The parties have a significant disagreement as to whether or not class certification discovery should be bifurcated from merits discovery. Defendants suggest bifurcation and want to stay merits discovery pending class certification. Inasmuch as class certification discovery should be very limited, and merits discovery will be applicable whether or not a class is certified, there is no rational reason to bifurcate, and a stay of merits discovery pending class certification will only risk the loss of critical evidence, and insufficient deposition responses, as memories fade with time.

**11. ELECTRONICALLY STORED INFORMATION (ESI):**

Attached hereto, as Exhibits "A" and "B", are copies of correspondence from Plaintiffs' counsel to Defendants' counsel outlining Plaintiffs' expectations for production of ESI by Defendants. At the Rule 26(f) conference on March 2, counsel for EQ advised of a problem with the ability to retrieve EQ's emails during the period from the date of the fire, October 5, 2006, through October 16, 2006. While Plaintiffs don't wish to begin casting suspicion on EQ's motives at this early stage of the litigation, it is critical that EQ preserve all data, without alteration, especially during that time frame. Data claimed to be inaccessible may very well be recoverable by a forensic IT specialist.

Counsel for MAE, Allworth, and PSC have confirmed that these defendants have taken steps to identify and preserve ESI since receiving notice of this action.

**12. PROTECTIVE ORDER:**

Defendants have made a claim that a protective order should be issued in order to protect their trade secrets. In order to expedite this matter and prevent resulting delays in discovery, Defendants submitted a proposed protective order to Plaintiffs, who submitted to Defendants revisions to their proposed protective order many weeks ago. Defendants have not yet responded to plaintiffs' revisions to the proposed order.

**13. OTHER MOTIONS OR ORDERS:**

Plaintiffs anticipate filing a motion for class certification shortly. Counsel for MAE have advised all counsel of their intention to file a motion to dismiss on jurisdictional grounds and a motion to stay discovery, except as to jurisdictional issues, pending the ruling of the Court on the jurisdiction issues raised by MAE. All parties agree that, with the exception of written discovery which is to begin immediately, further discovery shall be stayed until the ruling of the Court on MAE's jurisdictional motions.

No other motions are presently anticipated.

**14. SETTLEMENT POTENTIAL:**

Plaintiffs certify that the possibility of settlement was discussed among the parties at the Rule 26(f) conference on March 2, 2007. Plaintiffs and the EQ interests have set up mediation with a private mediator, commencing on August 28, 2007. The newly added defendants have not indicated their interest in settlement discussions at this time.

## 15. OTHER MATTERS:

The sequence and timing of the procedural steps toward a class certification hearing are seriously in dispute among the parties. This dispute arises, in large measure, from a fundamental difference of opinion as to the nature of class certification as a purely procedural device. Plaintiffs believe that Defendants propose to conduct the class certification hearing as a mini-trial on the merits of the class or individual claims. On the contrary, the MCL states:

> Instead, the parties should present facts and arguments to let the judge determine the nature of the claims and defenses, and how they will be presented at trial, whether there are common issues that can be tried on a class-wide basis, and whether those common issues predominate and class treatment is a superior method of resolving them. The judge may limit the number of witnesses, require depositions to be summarized, call for written statements of the direct evidence, and use other techniques described in section 12.5 for nonjury proceedings.[1]

As discussed in paragraph 10, above, the parties' dispute is highlighted by the amount and length of discovery necessary to get to a class certification hearing proposed by either side of this litigation. At the Rule 26(f) conference, Defendants suggested that they wanted to conduct discovery (including depositions) regarding not only the named plaintiffs, but also a large number of putative class members, ostensibly to discover whether individual issues predominate over common issues in the case. [Rule 23 (b)(3)] However, mass tort cases, such as this one, arising out of a single incident, of relative short duration, causing similar common damages (such as evacuation, inconvenience, fear and fright, and the necessity for environmental testing of property), are particularly suited to class certification.

Whether or not a smaller number of class members may have suffered additional damages (such as personal injury or actual damage to property), does not render a class any less certifiable. Depositions of dozens or hundreds of putative class members, and requests for production of medical records or similar documents to discover the existence of such individual

---

[1] MCL 4th § 21.21, p. 267.

claims will not reveal relevant evidence as whether or not a class should be certified on the broader issues of the existence or causation of common damages.

Plaintiffs suggest that defendants may adequately discover all class certification issues by written discovery, depositions of the designated class representatives, depositions of plaintiffs' experts, depositions of local government emergency response personnel, and an examination of the pleadings. By the same token, Plaintiffs' class certification discovery can be accomplished by written discovery, depositions of defendants' experts, and depositions of local government emergency response personnel. This can all be accomplished within 90 days. The hearing on class certification may then be held without an evidentiary hearing, on depositions, affidavits, and the pleadings.

Respectfully submitted, this the 10th day of August, 2007.

ZAYTOUN & MILLER, PLLC

By: /s/ Robert E. Zaytoun_____

Robert E. Zaytoun
NC Bar No. 6942
P.O. Box 307
Raleigh, NC 27602-0307
(919) 832-6690
(919) 831-4793 FAX
*Liaison Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing **PLAINTIFFS' SUPPLEMENTAL RULE 26(f) REPORT** on the Court's electronic docketing system. Prior to filing electronically, a search was made of the United States District Court for the Eastern District of North Carolina, Western Division Mailing Information for Case No. **5:06-CV-400-BR** which revealed that counsel of record are authorized to receive filing electronically from the Court. Therefore, the undersigned upon information and belief certifies that all counsel of record as noted below, will receive a copy of these papers through the Court's electronic notice system:

This, the 10th day of August, 2007.

**ADDRESSED TO:**

*Liaison Counsel for Defendant,*
*Counsel for EQIS and EQ Holding*
Frederick W. Rom, Esq.
Womble Carlye Sandridge & Rice, PLLC
P.O. Box 13069
Research Triangle Park, NC 27709
(919) 484-2300

*Counsel for ST Mobile Aerospace*
Richard T. Boyette
Cranfill, Sumner & Hartzog, LLP
225 Hillsborough Street, Suite 300
Raleigh, North Carolina 27603
Phone:(919) 863-8729
Email: rtb@cshlaw.com

Stephen R. Stegich, Esq.
Michael J. Holland, Esq.
Condon & Forsyth
Times Square Tower
7 Times Square
New York, New York 10036
Tel: (212) 490-9100
Fax: (212) 370-4453

*Counsel for Allworth and Philip Services*
Steven B. Epstein
Edmund A. Wyatt
Hunton & Williams, LLP
One Bank of America Plaza
421 Fayetteville Street, Suite 1400
Raleigh, NC 27601
Tel: (919) 899-3000
Fax: (919) 833-6352

Henry T. Dart, Esq.  
HENRY DART ATTORNEYS AT LAW  
510 North Jefferson Street  
Covington, LA 70433  
PHONE: 985-809-8093  
FAX:   985-809-8094  
(LA Bar # 4557)

Roger W. Orlando, Esq.  
ORLANDO LAWFIRM  
The Wachovia Building  
315 West Ponce De Leon Avenue, Suite 400  
Decatur, GA  30030  
PHONE: 404-373-1800  
FAX: 404-373-6999  
(GA Bar # 554295)

Douglas J. McNamara, Esq.  
Cohen Milstein Hausfeld & Toll, PLLC  
1100 New York Avenue, N.W.  
Suite 500, West Tower  
Washington, DC 20005  
PHONE: 888-347-4600  
FAX: 202-408-4699  
(D.C. Bar # 494567)

Jesse S. Shapiro, Esq.  
Law Office of Jesse Shapiro  
126 North Salem Street, Suite 202  
Apex, NC 27502  
PHONE: 919-303-1116  
FAX: 919-629-8128  
(NC Bar #27326)

E. Clarke Dummit  
Dummit Law Firm  
213 W. Sixth St.  
Winston-Salem, NC 27101  
PHONE:  (336) 777-8081  
FAX:  (336) 777-0160

Donald J. Dunn, Esq.  
2500 Trent Road, Suite 36  
P.O. Drawer 1574  
New Bern, NC 28563  
PHONE: 252-637-5800  
FAX: 252-638-5976  
(NC Bar # 8737)

M. David Karnas, Esq.  
Bellovin & Karnas, P.C.  
131 East Broadway  
Tucson, AZ  85701  
PHONE:  520-571-9700, ext. 210  
FAX:   520-571-8556  
(AZ Bar # 13728)

J. Michael Malone, Esq.  
Brady, Nordgren, Morton & Malone, PLLC  
2301 Sugar Bush Road, Suite 450  
Raleigh, NC 27612  
PHONE: 919-573-1423  
FAX: 919-573-1430  
(NC Bar # 26512)

Gregory L. Jones, Esq.  
Greg Jones & Associates, P.A.  
3015 Market Street  
Wilmington, NC 28403  
PHONE: 910-251-2240  
FAX: 910-251-1520

ZAYTOUN & MILLER, PLLC

/s/Robert E. Zaytoun  
Robert E. Zaytoun  
*Liaison Counsel for Plaintiffs*