IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:06-CV-400-BR
ALL CASES

| | |
|---|---|
| SUELLEN A. BEAULIEU, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| EQ INDUSTRIAL SERVICES INC., et al., ) | |
| ) | |
| Defendants. ) | |

These consolidated cases came before the court on 11 August 2008 for a status conference. Defendants moved orally for leave to file a surreply and related relief. Subsequent to the hearing, two motions were filed: defendants' motion to shorten the time for plaintiffs to respond to defendants' Second Set of Interrogatories (at times "Second Set") (DE #267) and a motion by defendant EQ Industrial Services ("EQIS") to expedite the briefing schedule on that motion (DE #268). The court addresses below each of the foregoing motions as well as other matters taken up at the conference.

## BACKGROUND

In their Second Supplemental and Amended Master Class Action Complaint ("2d Compl.") (DE #105) and subject to the order of dismissal entered on 28 April 2008 (DE #181), plaintiffs allege as follows: These cases arise from a fire which occurred at a facility ("EQ facility") located in Apex, North Carolina owned by EQIS and EQ Holding Company. (2d Compl. ¶¶ 2, 10-12). Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (*Id.* ¶ 4).

EQIS stored, handled, processed, and disposed of hazardous waste at the EQ facility. (*Id.* ¶ 17). On 5 October 2006, a fire began at the EQ facility and destroyed much of it. (*Id.* ¶ 18).

Plaintiffs allege that the fire, which burned for three days, released toxic, hazardous, and ultra-hazardous materials into the air, ground, and water. (*Id.*). The fire also produced a purported chemical cloud, which was visible over the town of Apex and other parts of Wake County. (*Id.* ¶ 19). As a result of the fire and cloud, local authorities ordered mandatory evacuation of some areas surrounding the EQ facility. (*Id.* ¶ 20). Some individuals voluntarily evacuated their homes. (*Id.*).

Defendant ST Mobile Aeorspace Engineering, Inc. ("MAE") is an independent aviation maintenance company with a service facility in Mobile, Alabama. (*Id.* ¶ 13). Defendant Allworth, Inc. ("Allworth") operates a solvent reclamation and hazardous waste collection facility in Alabama. (*Id.* ¶ 14). Philip Services Corporation ("PSC"), purportedly the sole owner of Allworth, had initially been named as a defendant, but was dismissed in the court's 28 April 2008 order.

The remaining claims asserted by plaintiffs are for negligence, negligence per se, res ipsa loquitur, private nuisance, public nuisance, and trespass. (*Id.* ¶¶ 58-131). They seek compensatory damages for the loss of use of homes, lost earnings and wages, lost profits from businesses, inconvenience, and other alleged losses, and punitive damages. (*Id.* ¶ 38). Plaintiffs have pled their case as a class action pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(3), 23(c)(4)(A), and 23(c)(4)(B), and have identified several subclasses for certification. (*Id.* ¶¶ 40, 42; *see also* Plfs.' Reply (DE #223), pp. 40-44 (proposing business loss subclass)).

## DISCUSSION

### I. Defendants' Motion for Leave to File A Surreply to Plaintiffs' Motion for Class Certification and Related Relief Sought

At the status conference, defendants made an oral motion for leave to file a surreply of up to 35 pages in response to plaintiffs' motion for class certification (DE #139-140). Defendants

2

Case 5:06-cv-00400-BR   Document 274   Filed 08/22/08   Page 2 of 14

propose filing their surreply after conducting additional discovery; possibly filing and obtaining a ruling on a motion to strike declarations filed by plaintiffs in support of their reply on the class certification motion; and filing and obtaining a ruling on a *Daubert* motion challenging plaintiffs' expert, William C. Zegel, D.Sc., P.E. Plaintiffs would obviously need to be given an opportunity to respond to defendants' surreply. To make time for these proceedings, defendants seek postponement of the hearing on the class certification motion, presently scheduled for 4 September 2008. In essence, defendants propose over a month of additional proceedings on the motion for class certification prior to the hearing. Plaintiffs oppose defendants' proposal.

It is appropriate at the outset to place this proposal in context. It comes at the end of a year-long series of proceedings relating to the class certification motion. The parties addressed the class certification procedures to be followed in this case as early as July 2007 in their respective proposed discovery plans. (*See* DE #64, 80, 81). In September 2007, the court entered an order setting the deadline for the motion for certification–2 January 2008. (*See* DE #97, p. 8). In a November 2007 order, the court established deadlines for defendants' response and plaintiffs' reply, 1 February 2008 and 15 February 2008, respectively. (*See* DE #116, p. 3). In January 2008, after plaintiffs timely filed their motion for certification with numerous exhibits, the court modified these deadlines to permit defendants to depose Dr. Zegel by 14 February 2008, which they did on that day, and thereafter to file their response to the certification motion. (*See* 24 Jan. 2008 Order (DE #160), pp. 7-8). The order also gave plaintiffs a specified period after the filing of defendants' response to file their reply, which varied depending on whether or not they deposed defendants' experts, which they did. (*See id.*).

3

The court then entered a series of seven orders on the parties' motions extending defendants' response deadline, ultimately to 12 May 2008, based primarily on the pendency of settlement discussions among the parties. (*See* DE #171, 173, 177, 180, 183, 185, 187). By order entered 3 June 2008, the court set a specific date–7 August 2008–as the deadline for plaintiffs' reply and set the date–4 September 2008–for the hearing on the class certification motion, both with the consent of counsel. (*See* DE #215, p. 2 ¶ 3). Plaintiffs timely filed their reply on the deadline.

Therefore, defendants had from at least 2 January 2008 until 12 May 2008–a period of over four months–in which to prepare their response in opposition to plaintiffs' motion for class certification. Of course, preparation could have begun much earlier because the original complaints in the respective consolidated cases, all filed in October 2006, included class action allegations. (*See Beaulieu* Compl. (DE #1) ¶¶ 17-23; *Carley* Compl. (DE #1), ¶¶ 18-24; *Borden* Compl. (DE #1-3), ¶¶ 26-36; *Shapiro* Compl. (DE #1) ¶¶ 7-12). Defendants appear to have taken advantage of the time afforded them. Their response memorandum is 69 pages in length (a 75-page limit applied per DE #173) and is accompanied by 70 declarations of putative class members and 44 other exhibits. (*See* DE #189-96). As discussed at the status conference and as provided below, defendants will also have up to an hour and a half to present argument at the hearing on the class certification motion. It is also relevant that the Federal Rules direct that resolution of the class certification issue be determined "[a]t any early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23 (c)(1)(A).

With this background in mind, the court turns first to the motion for a surreply. The Local Civil Rules of this court make no provision for surreplies and even discourages submission of replies. *See* Local Civil Rule 7.1(f)(1), E.D.N.C. However, courts have permitted surreplies under

4

limited circumstances. One court has held that "[t]he standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001).

The principal ground upon which defendants seek to file a surreply is the need to respond to over 100 declarations from putative class members plaintiffs submitted with their reply. Defendants contend that plaintiffs wrongfully concealed that they were obtaining declarations from putative class members by not producing timely the Acknowledgments and Affidavits of Compliance ("Affidavits") which the court required each person contacting putative class members to complete in its 24 January 2008 Protective Order ("Protective Order") (DE #159)[1] and by not timely supplementing answers to an interrogatory inquiring about people with knowledge of the case, as required by Fed. R. Civ. P. 26(e) (*see* Int. Ans. (DE #269-3), p. 3, no. 6). Defendants appear to argue that they were thereby deprived of an opportunity to themselves contact these same putative class members and develop evidence rebutting the substance of their statements. (Defendants also argue that they were precluded from determining whether plaintiffs' contacts with the putative class members complied with the protocol established by the Protective Order, but defendants propose to address that concern through their possible motion to strike, which is discussed below.)

The court notes initially that the declarations plaintiffs submitted were in response to the 70 declarations defendants submitted with their response. Plaintiffs' counsel represented at the status conference that plaintiffs did not start contacting potential declarants until June 2008, which is after

---

[1] At the status conference, plaintiffs offered to provide the requested Affidavits to defendants on the same day, and the court ordered to plaintiffs to do so. In their recently filed motions, defendants indicate that as of 12 August 2008, plaintiffs have provided the Affidavits. (*See* DE #269, p. 2 n.1).

the filing of defendants' response on 12 May 2008. The dates of the declarations are in accord; they range from 23 June 2008 to 5 August 2008. (*See also* DE #270, p. 2). As the parties with the burden of proof on the certification motion, plaintiffs should have the privilege of making the last submission on the motion.

In addition, as the court explained at the status conference, the Affidavits were not intended to serve as a means for monitoring other parties' case preparation, but rather to document investigators' understanding of their obligations in dealing with putative class members. Indeed, the Protective Order reflected the court's rejection of a request by plaintiffs for extensive intrusion by the parties into each other's case preparation. (*See* 24 Jan. 2008 Order, p. 5). The Protective Order permits parties to obtain, upon request, the Affidavits completed by other parties' investigators to enable parties to mutually confirm compliance with the Affidavit requirement. Defendants could have reasonably anticipated that plaintiffs would contact putative members of the plaintiffs' class, and that they would do so especially to attempt to obtain declarations to counter any declarations defendants filed.

Plaintiffs produced the Affidavits on 12 August 2008, albeit after an order by the court to produce them at the status conference the day before.[2] The production date is within a week after the last of the declarations was obtained. The court cannot say based on this record that plaintiffs' response to defendants' requests for the Affidavits was untimely. Nor can the court say at this point that plaintiffs have failed to timely supplement their response to the interrogatory in issue.

---

[2] Plaintiffs' failure to produce the Affidavits on the day directed by the court will be the subject of a separate order.

In any event, it is unclear how defendants have been prejudiced by the alleged delay by plaintiffs. Defendants were free to contact putative class members in the areas visited by plaintiffs' agents and could have addressed the experiences of such people in their response, to the extent they believed it appropriate to do so. Although defendants could not have addressed in their response the specific declarations plaintiffs obtained (because they were obtained post-response), defendants will have that opportunity at the hearing on the certification motion.

It is also important to keep in mind the nature and stated purpose of the declarations plaintiffs submitted. The declarations themselves are typically short and simple. They generally consist of about ten sentences, roughly half of which are consumed by basic information identifying the declarant and confirming his competency. The remaining sentences of the typical declaration describe the declarant seeing or smelling smoke on the night of 5 October 2006 and then taking some action as a result, such as going to another home. There is no contention that the declarations are a statistically valid representative sample of all putative class members or any subset of them. The principal discussion in plaintiffs' reply memorandum regarding the declarations covers about two pages and the location of these declarants is shown on three maps included as exhibits. (*See* Plfs.' Reply, pp. 7-9 & Exs. 20-1, 20-5, 20-6). The principal purpose of the declarations is purportedly to show locations at which people saw or smelled smoke from the fire at the EQ facility and locations at which evacuations occurred. (*See id.*).

An additional basis for defendants' motion for a surreply is that plaintiffs raise substantial issues in their reply not presented by defendants' response. The court is not convinced. Plaintiffs' reply is responsive to defendants' response.

7

Defendants argue that plaintiffs' suggestion of a business subclass in its reply is a new development mandating a surreply. Again, the court is unpersuaded. From the start of this litigation, plaintiffs have claimed harm to businesses. (*See, e.g., Beaulieu* Compl. ¶ 17; *Shapiro* Compl. ¶¶ 6, 13.B). The proposal for a business subclass was advanced to address arguments defendants made in their response.

Moreover, the court reiterates that defendants will have an hour and a half to present argument at the hearing on the class certification motion. They accordingly are already being provided an opportunity to respond to the points made by plaintiffs in their reply. If defendants continue to believe that additional briefing is required notwithstanding their presentation at the hearing, they are free to address that issue as part of their argument. The court will carefully consider any request by either side for post-hearing briefing, presumably limited to matters, if any, which have not already been adequately addressed by that time. For this and the other reasons stated, the court concludes that defendants have failed to show that they are entitled to a surreply and their motion for leave to file one is DENIED.

The court also declines defendants' invitation to delay proceedings to enable them to file and litigate a motion to strike plaintiffs' declarations. Defendants have not demonstrated that any declarations were obtained improperly, including by investigators who had not signed Affidavits before contacting putative class members. Defendants' speculation that plaintiffs' investigators may have committed improprieties is not an adequate basis upon which to delay proceedings on the certification motion, just as plaintiffs' speculation earlier in this case that defendants' investigators may have committed improprieties beyond those acknowledged by defendants was not an adequate basis for the measures plaintiffs were then proposing. (*See* 24 Jan. 2008 Order, pp. 3-4, 5).

The court finds similarly unpersuasive defendants' request to delay the hearing to provide them time to file and litigate a *Daubert* motion. As indicated, defendants deposed Dr. Zegel on 14 February 2008. They have had ample opportunity to file a *Daubert* motion without disrupting the schedule established for class certification proceedings.[3] Moreover, they have already included arguments challenging Dr. Zegel's methodology and results in their response, and had significant additional space to devote to that topic, if they had cared to do so, before reaching the page limit. (*See* Defs.' Resp., pp. 16-20). Defendants have not identified specific additional challenges to Dr. Zegel's opinions purportedly warranting a *Daubert* motion. As discussed at the status conference, there is in any event a question regarding the extent to which an extensive *Daubert* analysis is appropriate on a certification motion. *See, e.g., Rhodes v. E.I. du Pont de Nemours & Co.*, C.A. No. 6:06-cv-00530, 2008 WL 2400944, *10 n.10 (S.D. W. Va. 11 Jun. 2008). Therefore, defendants' motion to continue the hearing on the class certification motion is DENIED.

## II. Defendants' Motion to Shorten Time for Discovery Responses and EQIS's Motion to Expedite Briefing Schedule

On 13 August 2008, EQIS filed a motion (DE #267) to shorten the time for plaintiffs to respond to defendants' Second Set of Interrogatories (DE #269-4), which were served on plaintiffs on 12 August 2008. The other defendants subsequently joined in the motion.[4] (*See* DE #271, 273). On 12 August 2008, EQIS also filed a motion to expedite the briefing schedule on the motion to shorten. (DE #268). Plaintiffs have now filed a response in opposition to each of these motions.

---

[3] In their 12 May 2008 response to the certification motion, defendants indicated that they were then thinking about filing a *Daubert* motion challenging Dr. Zegel's opinions. (*See* Defs.' Resp., p. 19 n.18).

[4] Although plaintiffs object to the other defendants joining in this motion, the court will allow it.

9

(DE #270). Plaintiffs' filing moots the motion to expedite the briefing schedule and it is DENIED as such.

There are three interrogatories in the Second Set, all seeking information regarding plaintiffs' contacts with putative class members. The first two seek collectively the address of each residence and business at which anyone acting for plaintiffs communicated with a putative class member concerning any of the matters set forth in plaintiffs' declarations, the identity of each person at the residence participating in the communication, and the date of the communication. (Second Set, int. nos. 1, 2). The third interrogatory seeks the total number of residences and businesses with which plaintiffs' agents had such communications. (*Id.*, no. 3). Defendants assert that they need plaintiffs' responses in a compressed time frame to (1) help them prepare a surreply, (2) determine whether there is a basis for a motion to strike plaintiffs' declarations, (3) enable defendants' experts "to consider the impact if any that such testimony has on the air modeling to date," and (4) prepare adequately for the hearing on the certification motion. (DE #269, p. 2).

The case defendants make for the expedited response is not particularly compelling. Among other reasons, defendants now have the identity and location of the declarants themselves and can attempt to contact them; have already had access for an extended period to other people, if any, whom plaintiffs may have contacted; and have not convincingly demonstrated the materiality of the information sought. In addition, as to the first two grounds advanced by defendants, the court is not permitting defendants to file a surreply or delay the hearing due to the possibility of a motion to strike.

Defendants argue that plaintiffs are obligated to respond to the Second Set on a shortened time frame because defendants agreed to do so in connection with a similar set of discovery after

10

they filed their response to the certification motion. (*See* DE #214). However, defendants do not contend that plaintiffs made a commitme nt to respond on a shortened basis. Nor are the circumstances in all material respects the same since plaintiffs, as the party with the burden of proof, should be given the last say on the certification motion.

On the other hand, plaintiffs do not contend that responding to the Second Set on a shortened time frame would impose an undue burden on them. (*See* DE #270, 272, p. 2 ¶ 2). Therefore, in order to ensure the absence of any undue prejudice to defendants, the court ALLOWS defendants' motion for expedited discovery responses. Plaintiffs shall answer or otherwise respond to defendants' Second Set of Interrogatories on or before Thursday, 28 August 2008. Plaintiffs shall make service in such manner that counsel for defendants actually receive the response on the date specified.

### III. Protocol and Schedule for Hearing on Motion for Class Certification

At the conference, the parties and the court discussed the protocol for the class certification hearing. Plaintiffs and defendants shall each have 90 minutes for argument. Plaintiffs shall be permitted to reserve, at the start of their argument, some portion of their allotted time for rebuttal. In each subsequent round of argument by the parties, if any, plaintiffs shall have the privilege of presenting the final argument as the parties with the burden of proof. As previously ordered on the basis of the parties' joint request, live testimony shall not be permitted at the hearing. To the extent that either side intends to use any audiovisual equipment available in the courtroom, the respective counsel shall have someone in attendance who is able to operate such equipment without delays.

The parties represented to the court at the conference, and plaintiffs did so again in one of their post-conference submissions (DE #270, pp. 3-4, 5), that the parties have agreed that the only

exhibits which may be used at the hearing are those which are already in the record, except that complete copies of deposition transcripts may be offered to supplement excerpts thereof contained in exhibits. Each side shall provide the court before the start of the hearing two copies, in 3-ring binders, of the exhibits the side intends to refer to during the hearing, provided that copies of entire deposition transcripts may be bound separately.

The hearing shall be held, on the day previously scheduled, Thursday, 4 September 2008, at the Terry Sanford Federal Building and Courthouse, 310 New Bern Avenue, Raleigh, North Carolina. The location of the hearing shall be Courtroom 2 on the 7th floor.

Note, however, that the starting time of the hearing has been changed. **The hearing will now begin at 1:30 p.m.**

### IV. Plaintiffs' Third Motion to Amend the Complaint

On 3 December 2007, plaintiffs filed a motion for leave to file a third supplemental and amended master class action complaint and to dismiss parties without prejudice (DE #123). Upon a joint motion by the parties, the court stayed the ruling on the motion to amend until after disposition of the motion to dismiss (DE #113) filed by defendants PSC and Allworth. (DE #161). On 28 April 2008, the court entered its order on the motion to dismiss. (DE #181).

Although plaintiffs' motion to amend is now ripe for review, the parties indicated at the conference that there may exist a basis to withdraw the motion or otherwise resolve it without a court ruling. As directed by the court at the conference, the parties shall confer regarding the motion to amend and file no later than 25 August 2008 documents purporting to resolve the motion or, if no joint resolution is proposed, a memorandum on the status of the motion.

12

## V. Deadline for Deposition of Alamo Concrete Placement, LLC

As agreed by the parties and as directed by the court at the conference, the deposition of Alamo Concrete Placement, LLC shall be held no later than 30 September 2008.

## VI. Date for Next Status Conference

In light of the class certification hearing set for 4 September 2008, the court will determine the date for any subsequent status conference at that time.

## CONCLUSION

For the foregoing reasons, the court rules as follows:

1. Defendants' motion to file a surreply to plaintiffs' motion for class certification and defendants' related requests to continue the hearing on the motion for class certification are DENIED.

2. Defendants' motion to expedite the briefing schedule on their motion to shorten the time for response to their Second Set of Interrogatories (DE #268) is DENIED as MOOT.

3. Defendants' motion to shorten the time for plaintiffs to respond to defendants' Second Set of Interrogatories (DE #267) is ALLOWED.

4. The hearing on plaintiffs' motion for class certification shall be governed by the protocol set out above and shall be held on 4 September 2008 **beginning at 1:30 p.m.** in Courtroom 2 on the 7th floor of the Terry Sanford Federal Building and Courthouse in Raleigh.

5. The parties shall make a filing with the court regarding Plaintiffs' Third Motion to Amend Complaint (DE #123) on the terms set forth above no later than 25 August 2008.

6. The deposition of Alamo Concrete Placement, LLC shall be held no later than 30 September 2008.

13

SO ORDERED, this 22nd day of August, 2008.

James E. Gates
United States Magistrate Judge