UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-cv-00400-BR

| | |
|---|---|
| **SUELLEN E. BEAULIEU, et al,**  Plaintiffs  v.  **EQ INDUSTRIAL SERVICES, INC., et al,**  Defendants. | **ORDER AND JUDGMENT**  This Document Relates To: ALL CASES |

On 6 October 2009, this court conducted a final fairness hearing pursuant to Rule 23 of the Federal Rules of Civil Procedure and on Class Counsel's motion for payment of attorneys' fees and costs. Considering the evidence offered at the hearing, the argument of counsel and the entire record of these proceedings:

1. The following class and subclasses are hereby certified for the purposes of settlement:

    Class: All natural persons, whether minor or adult, and Businesses including those falling within one or more of the following sub-classes, including any person or entity claiming by, through or under a Class Member (as defined in the Preliminary Settlement Agreement ("PSA")), who seek compensation for damages or losses related to the

1

Incident other than personal injuries but excluding those persons or Businesses who would otherwise be Class Members, but who or which are: (i) EQIS, Allworth, MAE, Released Entities, or any of their employees, agents, Insurers, contractors, and subcontractors, including employees of EQIS', Allworth's, and MAE's agents, contractors or subcontractors, (ii) the presiding United States District Judge and the presiding United States Magistrate Judge, (iii) the attorneys who have made appearances for any of the Parties, and (iv) Opt Outs from the class.

Subclass 1– Recommended Evacuation Subclass: All natural persons, including minors and adults, who, on October 5, 2006 resided within the geographic boundaries of the area of the Recommended Evacuation Zone (as defined and designated in Exhibit B-1 To the PSA) and who evacuated in response to the Incident.

Subclass 2 – Secondary Evacuation Subclass: All natural persons, including minors and adults, who, on October 5, 2006 resided outside the geographic boundaries of the Recommended Evacuation Zone,

but within the geographical boundaries of the Secondary Evacuation Zone (as defined and designated in Exhibit B-2 to the PSA), and who evacuated in response to the Incident.

Subclass 3 – Business Loss Subclass: All Businesses that were physically located within or geographically contiguous to the Recommended Evacuation Zone (as defined and designated in Exhibit B-1 to the PSA) on October 5, 2006 that were forced to cease business operations in response to the Incident and sustained provable economic losses as a result of the Incident.

2. Notice was provided in a reasonable manner to all class members in accordance with Fed. R. Civ. P. 23(2)(B) and (e)(1) and due process of law.

3. The following individuals and corporation have properly opted out of the Class, and no others:

- Apex Gymnastics, Inc., 1013 Investment Blvd., Apex, NC 27502-1955
- Billy C. and Jean L. Yates, 502 Olive Street, Apex, NC 27502
- Inez Gwyn, 410 Cooke Street, Apex, NC 27502

- Ronald P. Yavor, 1506 RainesView Lane, Apex, NC 27502-7156
- James and Dorothy Andrews, 206 Perry Farms Drive, Apex, NC 27502-1203

4. No class member objects to the settlement.

5. All necessary reports and notice have been provided to the appropriate governmental entities pursuant to the 2005 Class Action Fairness Act and no response has been received to such notification.

6. Based on the recommendation of Daniel T. Barker, Esq., court-appointed Guardian ad Litem, the court finds that the settlement is fair, reasonable, and adequate for all minors and others who lack capacity.

7. Pursuant to Fed. R. Civ. P. 23(e)(2), the court finds that the settlement is fair, reasonable, and adequate.

8. The settlement as set forth in the PSA is hereby approved.

9. The class has received notice of Class Counsel's request for attorneys fees and costs in accordance with Fed. R. Civ. P. 23(h)(1).

10. Having considered the factors set forth in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978), the court allows the motion for attorneys fees and awards Class Counsel attorneys fees in the amount of $2,983,000.00, to be paid pursuant to the PSA.

The court finds this amount to be reasonable in light of the complexity of the case, the history of the litigation, the results obtained, percentage fee awards in other common benefit fund class actions, the lodestar amount, and the opinion of Thomas B. Metzloff.

11. The amount of $322,241.50 in litigation costs and expenses incurred by Class Counsel have been adequately documented and were reasonably incurred for the benefit of the Settlement Class in the prosecution of this Litigation. The court grants Class Counsel's motion for payment of costs and expenses, to be paid pursuant to the PSA.

12. Upon the Effective Date, the Defendants, EQIS, Allworth and MAE, are hereby dismissed, with prejudice, from this class action and all Released Claims, each party to bear his, hers, or its own costs, except for those Litigation Expenses, to the extent approved by the Court, that are recoverable from the Common Settlement Fund pursuant to the Common Settlement Fund Distribution Protocol of the PSA. Thereafter, each Class Member will be forever barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any action against the Released Entities with respect to the Released Claims.

13. There is no just reason for delay, and accordingly and pursuant to Rule 54(b) Fed. R. Civ. P., this judgment is certified as a final judgment.

14. The court retains jurisdiction over the settlement of this case and may enter additional orders to effectuate the fair and orderly administration of this settlement as may from time to time be appropriate, including the determination of persons to whom payment should be made and the amount of any disputed payments.

15. All capitalized terms not otherwise defined herein shall have the definitions used in the PSA.

It is so ORDERED this 9 October 2009.

_____
W. Earl Britt
Senior U.S. District Judge